IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sherman Stewart, ) | |
| ) | C/A No. 3:04-625-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| The University of South Carolina, ) | **O R D E R and O P I N I O N** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Sherman Stewart brings this action alleging employment discrimination by Defendant University of South Carolina ("the University") in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. On April 13, 2005, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56. On May 18, 2005, Plaintiff responded with a memorandum in opposition. Defendant filed a reply memorandum on June 1, 2005. Plaintiff filed a surreply brief on August 12, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge filed a Report and Recommendation on February 10, 2006 in which he recommended that Defendant's motion for summary judgment be granted in part and denied in part. Plaintiff filed no objections to the Report. Defendant, after having been granted an extension of time to respond, filed objections on March 13, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## I. FACTS

The facts are presented in the Magistrate Judge's Report and Recommendation. In short, Plaintiff is an African-American male who was employed by Defendant in its maintenance department from 1978 until September 29, 2000. Plaintiff alleges that he applied for several promotions while employed with the Defendant but never received one. Plaintiff avers that these denials were unlawfully based on his race. After unsuccessfully utilizing Defendant's internal grievance procedure to pursue his allegations, Plaintiff, with a group of fellow employees, filed a complaint with the Equal Opportunity Employment Commission ("EEOC"). The EEOC investigated Plaintiff's claim. After deciding not to pursue litigation on its own, the EEOC issued a "right to sue letter" to Plaintiff on or about May 21, 2001. Plaintiff timely filed the underlying action on March 1, 2004.

## II. LAW/DISCUSSION

Summary judgment "shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The court's duty in deciding a motion for summary judgment "is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The moving party must demonstrate a lack of sufficient evidence, while the non-moving party must set forth "specific facts showing that there is a genuine issue of material fact for trial." Fed. R. Civ. P. 56(e). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. Anderson, 477 U.S. at 248. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The non-moving party's production of a "mere scintilla of evidence" in support of his position is insufficient; the evidence must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 252. In making a summary judgment ruling, the court must view the facts and reasonable inferences in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Summary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law. See

McKinney v. Bd. of Trustees, 955 F.2d 924, 928 (4th Cir. 1992).

A. Challenges to the Scope of Plaintiff's Action

In order to maintain an action under Title VII, a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged misconduct. Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)). "This period is extended to 300 days in cases . . . 'when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency.'" Id. (quoting Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 (4th Cir.1998)). There is no dispute that Plaintiff's filing deadline was extended to 300 days as South Carolina is a "deferral state." 42 U.S.C. § 2000e-5(e)(1). Thus, Plaintiff's claim of discrimination must have occurred within 300 days of the date he filed his complaint with the agency.[1]

Plaintiff alleges in his complaint and subsequent filings that he was denied a total of 9 promotions because of unlawful discrimination prohibited by Title VII. Report and Recommendations, 2.[2] The Magistrate Judge recommended a finding that job numbers 980228,

---

[1] Though it appears from the record that Plaintiff initially filed his group claim with the EEOC, the record also reflects that the claim was forwarded to the South Carolina Human Affairs Commission. Report and Recommendations, 4. Consequently, the Magistrate Judge concluded that Plaintiff had 300 days to file his administrative charge under 42 U.S.C. § 2000e-5(e)(1). No party objected to this finding. The court agrees with the Magistrate Judge and finds that Plaintiff had 300 days from the date of the alleged discriminatory acts to file his administrative charge.

[2] These promotions are designated by specific job numbers. Report and Recommendations, 2. These job numbers and the dates on which Plaintiff applied for them are: 980228 (February 1998); 980712 (July 1998); 980771 (July 1998); 980814 (August 1998); 980815 (August 1998); 981011 (October 1998); 990131 (January 1999); 990559 (May 1999); and 990781 (August and September 1999). Id. at 2-3.

980712, 980771, and 980814 fall outside of the 300 day period. Report and Recommendations, 5. The Magistrate Judge next recommended a finding that job numbers 990131, 990559, and 990781 fall within the 300 day claim period required by law. Id. at 6. The Magistrate Judge also recommended a finding that a question of material fact existed as to the filing date of job numbers 980815 and 91011. Id. At 8. Further, the Magistrate Judge recommended dismissal of Plaintiff's claim alleging retaliation for failure to exhaust administrative remedies. Id. at 24. No party objected to the recommendations regarding Plaintiff's retaliation claims or job numbers 980228, 980712, 980771, 980814, 990131, 990559, and 990781. The court has throughly reviewed the record and adopts the Magistrate Judge's recommendation as to these issues.[3]

Defendant challenges the Magistrate Judge's recommendation regarding the timeliness of Plaintiff's claim that he was unlawfully discriminated against when he was denied job numbers 980815 and 981011. Objections, 3. The Magistrate Judge held that "an issue of fact" exists as to whether these claims were presented to the EEOC in proper form within the 300 day time limit. Report and Recommendations, 8. In so finding, the Magistrate Judge credited an affidavit submitted by Plaintiff stating that his administrative charge alleging discrimination was timely "received" by the EEOC on October 1, 1999. Id. at 7. The Magistrate Judge also relied on an "intake record" submitted by Plaintiff purportedly showing that his charge was received by the EEOC within the 300 day time limitation on October 1, 1999.[4] Id.

---

[3] The court notes that the untimeliness of certain of these allegations, despite being time barred as a basis for the suit, does not bar Plaintiff from using these alleged prior acts as background evidence in support of his timely claims. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

[4] Defendant challenged the authenticity of the intake record provided by Plaintiff as an attachment to

Plaintiff filed his initial charge of discrimination to the EEOC as a member of a group of 24 employees of Defendant. <u>See</u> Attachments to Objections, 16. Defendant asserts that the group charge was not presented to the EEOC until October 5, 1999, thus making any allegations concerning promotions 980815 and 981011 untimely as falling outside the 300 day time range. Objections, 3. Further, Defendant claims that the affidavit provided by the Plaintiff fails to comport with Fed. R. Civ. P. 56(e). <u>Id.</u> at 4. Defendant argues that because Plaintiff admitted in his deposition that "someone other than Plaintiff sent [the disputed charge] to the EEOC, Plaintiff does not possess first-hand knowledge of when it was sent to, or received by, the EEOC." <u>Id.</u> at 5. Defendant claims that the disputed intake record "does not offer any information as to when Plaintiff filed his charge" and counters that "independent documents establish that the charge was drafted and filed on October 5, 1999." <u>Id.</u> at 6.

After a thorough review of the record, the court finds that a question of fact exists as to whether Plaintiff timely filed charges with the EEOC regarding the alleged denial of job numbers 980815 and 981011. The evidence provided by Defendant to prove that October 5, 1999 was the date Plaintiff's charge was filed with the EEOC includes a document prepared by an EEOC employee indicating that Plaintiff's complaint was received on October 5, 1999. <u>See</u> Attachments to Objections, 19. The "case log" provided by Defendant also indicates that Plaintiff's charge was "drafted and docketed" on October 5, 1999. <u>Id.</u> at 20.

To the contrary, the intake record provided by Plaintiff reflects contact between the EEOC

---

his response to Defendant's motion for summary judgment. The Magistrate Judge responded to Defendant's challenge by requiring Plaintiff to file appropriate documentation to authenticate the record. Report and Recommendations, 6 n.7. On March 10, 2006, Plaintiff responded with additional documentation sufficient to authenticate the intake record.

and Plaintiff occurring on October 1, 1999.  See Intake Record, Plaintiff's Exhibit 2 to Summary Judgment Response.  The intake record also bears a "charge number" of "146A00003" and references an individual named "Ronald Derrick" under the portion of the intake record reflecting "charging party contact information." Id.  A letter to Defendant's General Counsel from the EEOC indicates that "the original allegations were presented to [the EEOC] in a single document which was signed under oath by each employee."  Defendant's Exhibit 3 to Summary Judgment Motion.  The EEOC further states, "that document was assigned the EEOC Charge No. 146A00003." Defendant's Exhibit 3 to Summary Judgment Motion (emphasis added).  The court notes that all additional EEOC forms alleging Plaintiff's claims, including those offered by Defendant as proof of an October 5, 1999 filing date, bear the same "charge number."  See Attachments to Objections, 14-20.  The court also notes that "Ronald Derrick" is the first individual to sign the notarized group declaration outlining Plaintiff's claim.  Id. at 16.  This indicates that the group charge may have been received on October 1, 1999 by the EEOC.[5]  Accordingly, the court agrees with the Magistrate Judge that a question of fact exists as to the date Plaintiff filed his claim.  Defendant's objection is without merit.[6]

Defendant also argues that the Magistrate Judge "erred in failing to recommend summary judgment on Plaintiff's claim as to position 981011 . . . where Plaintiff identified this claim for the first time in opposition to [Defendant's] motion for summary judgment."  Objections, 7.  The court disagrees.

---

[5] The group declaration provides a summary of alleged unlawful discrimination and authorizes Plaintiff's former attorney, J. Dennis Bolt, to act on the group's behalf.

[6] Because the court reaches its decision without relying on Plaintiff's affidavit, it need not address Defendant's argument that the affidavit fails to comport with Fed. R. Civ. P. 56 at this time.

7

Plaintiff's EEOC complaint alleged only a general pattern of discrimination and did not include specific job numbers. <u>See</u> Attachments to Objections, 14-18. The EEOC also failed to discuss specific job numbers in its "Determination" issued on April 24, 2000. <u>See</u> Attachments to Plaintiff's Memorandum in Opposition to Summary Judgment, Ex. 32. However, contrary to Defendant's assertion that job number 981011 was identified for the first time in Plaintiff's response to Defendant's motion for summary judgment, the record reflects that in response to Plaintiff's EEOC complaint, Defendant provided information outlining numerous promotions Plaintiff unsuccessfully applied for while working for Defendant. <u>Id.</u> at Ex. 4. This production came in the form of a list of positions that included job number 981011. <u>Id.</u> Thus, Defendant was on notice that the underlying action included this job number. Further, the court is presented with no evidence to indicate that the EEOC did not review Plaintiff's allegation concerning this position during its review of Plaintiff's claim. Defendant's objection is without merit.[7]

B. Plaintiff's Title VII Race Discrimination Claims

Defendant next objects to the Magistrate Judge's recommendation regarding the merits of the timely filed Title VII claims. Objections, 13. Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an individual because of his race. 42 U.S.C. § 2000e-2(a). In order to prevail on a Title VII discrimination claim, Plaintiff must first establish a prima facie case

---

[7] Defendant argues that the Magistrate Judge's order striking substantive changes to Plaintiff's deposition testimony is determinative of the issue of the inclusion of job number 981011 in Plaintiff's complaint. Objections, 8 n. 2. The court disagrees. The Magistrate Judge's ruling was specific to the question of modifying Plaintiff's deposition testimony and has no effect on the scope of Plaintiff's claim. To the extent Defendant argues it is prejudiced by inclusion of this job number as part of Plaintiff's claim, the court will entertain a motion to reopen discovery on the limited issue of job 981011.

of discrimination based on a protected trait. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998); Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1129 (4th Cir. 1995). To prove a prima facie case of discriminatory refusal to promote, "Plaintiff must prove that '(1) plaintiff is a member of a protected group; (2) plaintiff applied for the position in question; (3) plaintiff was qualified for the position; and (4) plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.'" Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) (quoting McNairn v. Sullivan, 929 F.2d 974, 977 (4th Cir. 1991)). There is no dispute that Plaintiff has alleged a prima facie case of discrimination. Report and Recommendation, 14.

Once a prima facie case is established, an inference of impermissible discrimination is created, and the burden then shifts to Defendant to articulate some legitimate, nondiscriminatory reason for its actions. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005) (citing McDonnell Douglas, 411 U.S. at 802). If Defendant articulates such a reason, Plaintiff bears the ultimate burden of persuasion and must show, by a preponderance of the evidence, that Defendant's proffered reasons for its actions were not its true reasons, but were a pretext for discrimination. Id. Ultimately, the trier of fact must determine if the plaintiff has proved that the employer intentionally discriminated against her because of her race. Id. (citing Bryant v. Aiken Reg. Med. Ctrs. Inc., 333 F.3d 536, 545 (4th Cir. 2003)).

Defendant first avers that the Magistrate Judge erred in failing to grant summary judgment on Plaintiff's race discrimination claims "where Plaintiff admitted that retaliation, rather than race, motivated the University's actions." Objections, 10. Despite Defendant's assertions to the contrary, the record reflects that Plaintiff has consistently alleged that his failure to receive promotions was

due to Defendant's unlawful consideration of his race or in retaliation for Plaintiff's complaining to Defendant about alleged racial discrimination. See Group EEOC Charge, 2 ("We are all African-American employees of the Maintenance Service Department . . . [who] assert that we have been victims of a pervasive matter of racial discrimination . . . ."); Complaint, 2-3 ("For many years [Defendant] has maintained and conducted a pattern of racial discrimination against black employees within the department . . . . [and Defendant] w[as] unlawful in retaliating against [Plaintiff] . . . in response to his complaints of racial discrimination by [Defendant]"). Defendant's objection is without merit.

Defendant next contends that the Magistrate Judge erred in denying summary judgment on Plaintiff's Title VII claims where "the Magistrate Judge largely failed to analyze, much less find as pretextual, [Defendant's] legitimate, non-discriminatory reasons for its actions." Objections, 13. In support of its argument, Defendant lists both the promotions Plaintiff was denied and the purported legitimate, nondiscriminatory reasons for Defendant's failure to promote Plaintiff. Id. at 13-22. Specifically, Defendant argues that the applicant who was chosen for position 990131 received an "excellent reference" and avers that Plaintiff has failed to prove that Plaintiff possessed "demonstrably superior" qualifications compared to this other individual. Objections, 14-15. Defendant also notes that Plaintiff's "past job performance" was "poor" and that Plaintiff had "poor work habits." Id. at 14. For position 990559, Defendant argues that Plaintiff was not offered the position because Plaintiff had a "reputation for not being a good employee, being unmotivated and unreliable . . . ." Id. at 17. For position 990781, Defendant avers that the hiring official was Plaintiff's immediate supervisor who selected another candidate because Plaintiff was an "unproductive employee." Id. at 19. Defendant argues that Plaintiff was not offered position 990815

because the hiring official "personally supervised Plaintiff" and determined that Plaintiff was a poor worker who "wasn't a real go-getter." Id. at 20 (quoting Deposition of Carl Cox, 7). Further, in a general conclusion summarizing objections to the Magistrate Judge's recommendations, Defendant comments that "four different hiring officials . . . independently confirmed essentially the same information about Plaintiff: that he was not a motivated employee and did the minimum amount of work to get by." Id. at 21.

Plaintiff argues that he was employed by Defendant for 22 years and was never discharged. Plaintiff's Response to Defendant's Motion for Summary Judgment, 4. Plaintiff argues that he never received a poor annual evaluation from Defendant. Id. at 5. Further, despite Defendant's contention that Plaintiff was ineffective in his job, Plaintiff served for 35 months as a temporary replacement for an employee who held a position of greater responsibility and pay. Id. at 4. In addition, according to Plaintiff, he possessed job qualifications, educational training, and job certifications arguably in excess of, and far superior to, those of candidates ultimately selected to fill the contested positions. Report and Recommendations, 15-21. After a thorough review of the objections of Defendant, the court finds that there remains a genuine issue of material fact as to whether Defendant's proffered reasons for failing to promote Plaintiff were pretextual. Accordingly, Defendant's objection is without merit.

## III. CONCLUSION

For the reasons stated herein, the court adopts the Report and Recommendation of the Magistrate Judge. IT IS HEREBY ORDERED that Defendant's motion for summary judgment is **granted** in part and **denied** in part.

**IT IS SO ORDERED**.

    /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

March 27, 2006
Columbia, South Carolina